JAMES B. BRICKETT *vs.* HARRISON B. SPOFFORD.

In an action of trespass *quare clausum fregit,* the defence relied upon was a disseisin of the plaintiff's grantor at the time of his deed; there was evidence that the plaintiff's grantor, while negotiating with him for the sale, and before the conveyance, went with him upon the land, and every half acre of it, to show it; but the judge refused to instruct the jury that if the plaintiff's grantor went upon the land with him for the purpose of pointing it out to him, and while upon the land claimed it as his, this would be a sufficient reëntry. *Held,* that the defendant was entitled to a new trial, although the general instructions to the jury upon what would constitute a disseisin and a reëntry were correct.

ACTION OF TORT for breaking and entering the plaintiff's close, described as consisting of about six acres of woodland, and cutting and carrying away wood therefrom.

At the trial in the court of common pleas in Essex at December term 1858, before *Perkins,* J., the plaintiff claimed title through Jonathan Foster under David Poor, Jr., who in 1827 owned the premises. The defendant claimed title in two and a half acres, within which the alleged trespasses were committed, under a levy of execution against Poor while he owned the land, and introduced evidence that at the time of the levy a line of trees between the parcel set off and the rest of the land was marked by the officer who made the levy, and so remained until the defendant in 1854 purchased and went upon the lot, and, without any objection by Foster, put down bounds upon that line, and held exclusive possession of the parcel set off, and disseised Foster, and thus held the lot until after said Foster's deed to the plaintiff.

There was evidence tending to prove that Foster, while negotiating with the plaintiff for the purchase of a house, proposed

to convey to him the whole lot of six acres, free and clear of all incumbrances, in part payment for the house, and, at a time appointed for the plaintiff to go and examine the lot, went upon the lot with him, no other person being present, and they went over every half acre of the same together, to ascertain the quantity and quality of the wood growing thereon, and afterwards decided upon the price for the land, and Foster gave the plaintiff $400 besides the house. The acts of Foster in going upon the land at this time with the plaintiff were the only matters relied upon to show a reëntry by the plaintiff's grantors before their conveyance to the plaintiff. The deed to the plaintiff was not delivered upon the premises, and there was no evidence to show that any possession thereof was given to the plaintiff, other than such as passed by that deed. Foster did not testify in the case.

It appeared that the levy was not recorded, and was not known to the plaintiff in 1856, when he purchased, and was therefore void against him. The defendant then relied upon his title by disseisin, and upon Foster's having been disseised when he conveyed to the plaintiff, and the trial proceeded upon that issue. The material parts of the residue of the bill of exceptions were as follows :

" In order to satisfy the jury of this, the court charged them that the burden was on the defendant to prove the acts necessary to constitute a disseisin ; but if such disseisin were proved, then while it continued, while the plaintiff's grantors were disseised, they could not make a valid conveyance to the plaintiff, on which he could sustain this action of trespass, and that, though the plaintiff's grantors might themselves bring a writ of entry, it did not follow that they could convey the premises to the plaintiff so as to enable him to maintain this action of trespass under it.

" To the instructions of the court as to what was necessary in point of law to constitute a disseisin no exception was taken ; nor was any question made at the trial, that if the plaintiff's grantors were at the time of the conveyance disseised of any part of the two and a half acres, they were of the whole, or if

they had reëntered upon any part, they had reëntered upon the whole of the said two and a half acres.

" In regard to a reëntry by the plaintiff's grantors, the court instructed the jury that, although the plaintiff's grantors had been disseised by the defendant, they could reënter upon the premises and then convey; that they might give an effectual deed by going upon the land and delivering it there, or that they might reënter and repossess themselves of the land and then give a deed of it in another place; that merely going upon the land casually, however, without any view to reënter and regain possession thereof, would not be sufficient to avoid the effects of the disseisin; that if Foster went upon the premises in dispute, knowing himself to be disseised thereof, in company with the plaintiff, merely for the purpose of pointing out the character of the land and the quantity and quality of the wood, with a view of selling the same to the plaintiff, but without any view to reënter and regain possession of the same, or to avoid the effects of such disseisin, the court would not rule as matter of law, that this would be enough, although Foster might have in view, or in contemplation, a sale of the whole of said close by deed subsequently to be made and delivered to the plaintiff, and although the plaintiff had in view a purchase to be perfected by deed at some other time and place, the disseisin in other respects remaining as before. But if Foster, at that time, intended to reënter and to take possession of the premises as owner thereof, such entry and these acts would be sufficient to give validity to his deed to the plaintiff."

" The court called the attention of the jury to the fact that the only evidence of Foster's having gone upon the premises, and of acts and doings there, came from the plaintiff, who stated that he had no suspicion of any adverse claim or possession till some time after he took his deed. The court also called the attention of the jury to the question whether there was anything to indicate that the plaintiff's grantors even knew that it was necessary for them to reënter before giving a deed, or whether they had taken any advice upon that subject, if they did know, or had received advice upon the subject, this would aid in showing that

they might have done it; but if the said grantors did not even know that such a step was required, it might help to show that they had not done it; but that this was all matter of fact for the jury. The court did not rule that there was any necessity for the grantors to take advice, or that they should even know that it was necessary to do anything in reference to a reëntry before giving a deed. The jury were instructed that the matter was for them to decide upon a fair view of all the evidence before them; and they would say for themselves whether the plaintiff's grantors had reëntered upon the premises in dispute before giving their deed to the plaintiff. The evidence upon the subject was before them, and they would remember what it was, and consider it for themselves, upon this and all the other questions.

" The plaintiff's counsel, after the testimony was all in, requested the court to rule that if the plaintiff entered upon said premises and took possession of the same after the conveyance to him, although the defendant might be in the exclusive possession by disseisin of the part levied upon, claiming title, at the time of the deed to the plaintiff, such entry and pos session would be sufficient to give effect to the deed. But the court ruled that it would not, for the purposes of sustaining this action.

" After the judge had finished the charge to the jury, the plaintiff's counsel requested the court to rule that, if the jury should find that Foster, one of the plaintiff's grantors, went upon the land in dispute with the plaintiff, for the purpose of pointing out the land to him, and for the purpose of selling the same to him, and while on the land he claimed the land as his, that of itself was a sufficient entry to enable the said grantors to convey the premises, they having a valid title thereto. The judge stated to the counsel that such a ruling would not be made, unless there was evidence to found it upon, and that there was no evidence that Foster made a claim to the land, or stated that he was the owner thereof, while he was on the land with the plaintiff. The plaintiff claimed that whether there was such evidence was a matter for the jury. The judge then said to the jury, ' I shall instruct you as before ;' and added

that if Foster did go upon the land at that time, for the purpose of reëntering upon the same, and did retake possession thereof, or if he went upon the premises under a claim of ownership, and for the purpose of taking possession as owner, before the conveyance to the plaintiff, this would be sufficient to give effect to the deed to the plaintiff. But if Foster did no more than merely to go upon said land with a wholly different purpose and intent, such going upon the land would not be sufficient to give effect to a deed subsequently made off from the land. Said grantors or said Foster must have gone upon the land with a view to reëstablish their rights as owners and to take possession thereof as such; a mere accidental or casual entrance upon the land or passing over it would not be sufficient. The jury would take this as the rule upon this point. As to the evidence the jury would remember it for themselves, and give effect to it as they remember it."

" To the foregoing rulings, instructions and refusals to rule, the plaintiff excepts."

*D. Saunders, Jr.* for the plaintiff, cited *Tyler* v. *Smith,* 8 Met. 599; *Jones* v. *Merrimack River Lumber Co.* 11 Foster, 381.

*S. B. Ives, Jr.* for the defendant, cited *Warren* v. *Childs,* 11 Mass. 222; *Bigelow* v. *Jones,* 10 Pick. 161; *Wolcot* v. *Knight,* 6 Mass. 418; *Knox* v. *Kelleck,* 14 Mass. 203; *Richards* v. *Folsom,* 2 Fairf. 70; Co. Lit. 245 *b.*

MERRICK, J. The general instructions given to the jury in reference to the acts necessary to constitute such a reëntry upon the premises, after he had been disseised thereof, as would enable Foster to make a valid and effectual conveyance by delivery of a deed to the grantor in another place, appear to have been correct and unobjectionable. But when the presiding judge was specially asked to rule that, if the jury should find that Foster went upon the land in dispute with the plaintiff, for the purpose of pointing it out and selling it to him, and when thus on the land claimed it as his, that would constitute a sufficient reëntry to enable him to make a valid conveyance of it by delivery of the deed after he had gone from the premises, he erred in determining that it could not be adopted for the reason

that there was no evidence in the case to found such ruling upon. This determination of the court appears to have been predicated upon the single fact that the plaintiff, who had been examined as a witness on the trial, did not state, in giving his testimony, that Foster, while on the premises, made any claim to the ownership thereof.

But a declaration to that effect is not the only mode in which such a claim might have been asserted. It was not necessary that it should be made by any direct and positive assertion of right, or in any words spoken; his acts and conduct may have been equally significant and decisive of his purpose. And upon recurring to the facts stated in the bill of exceptions, we think it is very apparent that there was some evidence, the effect of which should have been left to the consideration of the jury, to show that a claim of ownership was set up by Foster, while he was on the land, by which he intended to become repossessed of it. Before going there a negotiation had been commenced between the parties respecting the sale of the whole of the six acre lot, including the premises in controversy, by Foster to the plaintiff, in which Foster proposed to convey the entire tract, free and clear of all incumbrances, in part payment for a house which he was about purchasing of the plaintiff. It was in pursuance of this negotiation that they went together upon the lot, and upon every half acre of the two and a half acres in dispute, to ascertain the quantity and quality of the wood growing there. This was manifestly done with a view to the consummation of an anticipated bargain between them, and a consequent conveyance of the estate. It should have been submitted to the jury to determine whether the act of going upon the land with that design and purpose, its exhibition to an expected purchaser, considered in connection with the offer and professed readiness of Foster to make a conveyance of it by deed with warranty that it was free and clear of all incumbrances, did not constitute a direct claim of ownership in himself while he was there, as distinct and intelligible as if it had been proclaimed in the most explicit .anguage.

What would, or should, have been the conclusion of the jury

upon the evidence submitted to them, it is unnecessary at this time to express any opinion. It is sufficient that there was some evidence tending to show that fact, upon which it was competent for them to exercise their own judgment, and to deduce from it such inferences and conclusions as they should think it would fairly and justly warrant. The ruling asked for having been withheld on the precise and explicit ground, that the court perceived in the testimony no evidence upon which it could be founded, was therefore erroneous. And although the presiding judge added to his refusal to adopt that ruling, that " he should instruct the jury as before; " and he had in fact instructed them that, if Foster, when he went upon the land with the plaintiff, intended to reënter and take possession of the premises as the owner thereof, such entry and these acts would be sufficient to give validity to the deed elsewhere delivered; yet his clearly expressed opinion, that there was no evidence upon which to found the proposed ruling, because the plaintiff had not testified that Foster, when on the land, claimed it as his own, substantially took away from the plaintiff all the benefit and advantage of the previous instructions. The direct tendency of the refusal for the reason assigned was to prevent the jury from giving due weight and effect to the acts and circumstances which had been proved for that purpose, or to induce the understanding and belief on their part, that in the opinion of the court, as matter of law, there was no evidence in the case upon which it was competent for them to find that a claim of ownership was made by Foster on the land, unless the plaintiff had testified to his direct declaration to that effect. As the desired ruling embodied an accurate statement of the law, the correctness of which has not been contested, and was material to the plaintiff, and as the refusal to adopt it was predicated upon the erroneous assumption that there was no evidence in the case to show that Foster, when on the land, made claim of ownership, the exceptions taken by the plaintiff must be sustained and a new trial granted. *Exceptions sustained.*